*LARUSSSO & CONWAY, LLP*
*ATTORNEYS AT LAW*
*300 OLD COUNTRY ROAD*
*SUITE 341*
*MINEOLA, NEW YORK 11501*
*Telephone No. (516) 248-3520*
*Facsimile No. (516) 248-3522*

October 26, 2010

Honorable Nina Gershon
United States District Court Judge
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

    Re:  United States v. Ryan Gosin
          Criminal Docket No.CR-08-0820(NG)

Dear Judge Gershon:

    Defendant Ryan Gosin ("Ryan" or "Gosin") respectfully submits this letter in response to the government's letter dated October 22, 2010. Despite the government's letter we still respectfully submit that a sentence substantially below that of the advisory guideline range is both reasonable and warranted in this case.

    Section I of the government's letter only re-hashes old conduct. The majority of this conduct is contained in the PSR and the other alleged conduct "relevant to sentencing" is acts that took place either prior to or at the same time of the conduct charged herein. Most importantly all of this conduct was known to the government at the time of the Indictment as well at the time of the plea and the government did not seek to charge Mr. Gosin with any of these potential crimes.

    In reference to "the defendant's post-arrest behavior" the government informs the Court that Mr. Gosin tested positive for marijuana use. Although this is already contained in the PSR, the government reiterates it here even though Mr. Gosin has fully admitted his usage and agreed counseling was required. Additionally, counseling

1

has been very successful as set forth in Exhibit 10 of our sentencing memorandum,

    Lastly, the government provides some other uncharged conduct which the government knew about since Mr. Gosin proffered on two occasions and discussed this with the agents. This is conduct the government was fully aware of at the time of the defendant's plea and conduct which the government sought fit not to charge Mr. Gosin with. While we fully understand the government's obligation to inform the Court of all activity we believe our sentencing memorandum clearly shows that Mr. Gosin has realized the errors of his ways, accepts his responsibility for those mistakes and now, perhaps for the first time, realizes what matters most in life, that being his family and their well being. Attached to our sentencing memorandum as Exhibit 1 is a letter from Mr. Gosin. While it is fully understood that the Court sees many so called heartfelt letters from the defendant on the eve of sentence, we submit Ryan's is different. He paints a not so pretty picture of his upbringing and aptly describes how he acted believing that that was the way he was suppose to take care of his family. Only within the last few years has he realized how wrong he was and has begun on the path of being a family man and a productive citizen. He has been gainfully employed and, as set forth in the letter from his employer, is a trusted employee. He realizes that his acts have consequences and that there is a price to pay for his behavior. His acceptance of that, coupled with his ongoing drug rehabilitation, his employment and his attention to his family and their special medical needs cries out for a sentence commiserate with the crimes he committed. He has learned how to be a husband and a father. A lengthy term of incarceration we submit is not the answer. We respectfully submit that an opportunity to continue his drug treatment and to not leave his family for a long period of time is warranted and reasonable herein.

                                            Respectfully Submitted,

                                            _____
                                            Joseph R. Conway, Esq.

cc: AUSA Paul Tuchman